The Law Office of Daniel B. Shapiro
101 Park Street
Montclair, New Jersey 07042
973-746-8662
Attorney I.D. 017361991

**FILED**
JEANNE A. NAUGHTON, CLERK

JUN 06 2022

U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY


PAID
$350.00

IN RE: ROBERT J. SHAFER, JR. Debtor

ADV CASE NO.:_____
Case No. 22-14353-KFC

CHAPTER 7

JANE DOE, Plaintiff

v.

ROBERT J. SHAFER, JR. Defendant

ADVERSARY COMPLAINT TO EXEMPT DEBT FROM DISCHARGE PURSUANT TO 11 U.S.C. 523(a)(6) AND TO ASSERT THAT DEBTOR IS NOT ENTITLED TO RECEIVE A DICHARGE OF ANY DEBTS UNDER ANY OF THE PROVISIONS OF 11 USC Sec 727(a) (2) through (7)

TO THE COURT AND ALL PARTIES IN INTEREST

Plaintiff Jane Doe files this adversary complaint to exempt the unliquidated debt owed to Jane Doe from discharge pursuant to 11 USC Sec. 523(a)(6) Section of the Federal Rules of Bankruptcy Procedure and either to proceed to judgment in New Jersey Bankruptcy Court or for leave to proceed in New Jersey Superior Court Ocean County or in New Jersey Bankruptcy Court for Damages. In addition, Plaintiff Jane Does files this adversary complaint to assert that Debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 USC Sec. 727(a)(2) through (7).

## JURISDICTION

This Court has jurisdiction of this adversary proceeding pursuant to 11 USC Sec. 523 and 727.

1

## PRIOR PROCEEDINGS

Plaintiff previously filed a Superior Court Action in Ocean County entitled Jane Doe v. Robert Shafer, Jr. Docket No. OCN-L-000030-22. Default was entered and Defendant moved for and received a 60-day extension of time to answer or otherwise plead. On May 31, 2022 Defendant filed for Chapter 7 of the United States Bankruptcy Code, one day prior to expiration of the time to answer or plead in the Superior Court Action.

## PARTIES

A pseudonym for Plaintiff is used to preserve privacy in a matter of sensitive and highly personal nature and because identification of Plaintiff poses a risk of mental harm, harassment, ridicule and/or personal embarrassment, and because the case involves information of the utmost intimacy. Plaintiff is an individual residing in the State of Pennsylvania. Defendant is an individual and Plaintiff's biological father.

## FACTUAL ALLEGATIONS RELATED TO WILLFUL AND MALICIOUS INJURY TO THE DEBTOR

1. At the present, Plaintiff is a resident of the City of Bethlehem, State of Pennsylvania.
2. Plaintiff's date of birth is January 20, 1977.
3. The events described hereinbelow occurred in the Township of Brick, County of Ocean, State of New Jersey and at other locations.
4. Defendant Robert Shafer Jr., hereinafter ROBERT is the Plaintiff's father.
5. ROBERT'S date of birth is April 25, 1942.
6. ROBERT resides at 80 Greenways Lane, Lakewood, New Jersey 08701.
7. ROBERT first sexually molested the Plaintiff on or about July 4, 1987 when Plaintiff was ten years old.

2

8. ROBERT and J.S., his wife, had separated and Plaintiff and ROBERT were residing at ROBERT'S friend's home on Bay Lane in Brick, New Jersey. They often had the home to themselves.

9. Plaintiff's siblings R.S. and M.S. were, upon information and belief, residing with the family of a friend of R.S. on a temporary basis and L.S. was residing with J.S. during the summer of 1987.

10. ROBERT brought Plaintiff outside to watch the fireworks at a location overlooking the water.

11. ROBERT opened his pants and told Plaintiff to insert his penis in her mouth. When ROBERT reached orgasm Plaintiff moved her head from side to side so ROBERT'S semen would not enter her mouth. Plaintiff remembers that the semen had a smell she did not like. Plaintiff also recalls the smell of alcohol on ROBERT's breath.

12. Plaintiff was compliant because ROBERT was known to her and her family as having an abusive and violent personality. He also physically threatened and physically assaulted the Plaintiff and her siblings as children and their mother J.S. before and after the incidents of sexual abuse described herein.

13. That same summer ROBERT continued to sexually abuse Plaintiff. When Plaintiff was in the shower, ROBERT entered and told Plaintiff to insert his penis in her mouth. Plaintiff remembers getting water in her ears. Plaintiff has difficulty showering when Plaintiff is alone in her home.

14. When ROBERT'S friend was using the home in Brick New Jersey, Plaintiff and ROBERT shared a bedroom. ROBERT slept in the same bed as Plaintiff.

15. One night that summer, ROBERT inserted his fingers in Plaintiff's vagina, put his penis in Plaintiff's hand and put his mouth on Plaintiff's mouth.

16. After the summer of 1987, ROBERT moved into an apartment in Neptune City with the Plaintiff and the Plaintiff's brother M.S. Brother R.S. would stay with them when he was not away at college. Plaintiff's sister L.S. resided with Plaintiff's mother. For a period of time ROBERT stopped molesting Plaintiff as they no longer resided alone.

17. After residing in Neptune City, ROBERT moved to Point Pleasant with the Plaintiff and her brothers R.S. and M.S. ROBERT had a bed in the attic, and Plaintiff has memories of additional sexual abuse in the attic bed in the Point Pleasant home.

18. Plaintiff remembers that ROBERT told her that if she ever told anyone he would kill her mother.

19. ROBERT had a history of sexually and physically abusing not just Plaintiff but of physically abusing other family members and the family pet. After Plaintiff received a poor grade while in 3rd grade, ROBERT struck the Plaintiff hitting her head on a railing. ROBERT struck his children with his hands and with a belt to punish them for perceived infractions. Robert would also punish the family dog Lance for barking too much by kicking him, striking him with his hands, and wrapping duct tape around his mouth.

20. On or about May 17, 1987, Plaintiff's mother decided to leave ROBERT and physically separate. After a violent verbal and physical encounter during which ROBERT injured the Plaintiff and threatened J.S., J.S. contacted the police. ROBERT instructed the Plaintiff to wash her face, clean her bloody nose and tell the police that he had not struck her. After providing those instructions, ROBERT struck Plaintiff on the head again.

21. ROBERT had a prominent position in the community and was the school superintendent of the Neptune City School District. He was able to adopt a public, amiable personality which was persuasive to others outside the family.

22. As a young adult, Plaintiff attempted to persuade herself that the abuse was not significant notwithstanding she had clear memories of having been molested. However, beginning at age nineteen while attending Rutgers University, Plaintiff began struggling with symptoms of post-traumatic stress.

23. Plaintiff first sought in-patient psychological help in 1996 and sought treatment at hospitals for mental health in 2010 and 2011.

24. At or about age 15 Plaintiff began to experience severe abdominal pain, rectal bleeding and was diagnosed with ulcerative colitis.

25. Plaintiff began self-medicating with alcohol and pain-killers and entered treatment in part to become sober which she achieved in 2016.

26. Plaintiff has, throughout her life, sought and received mental health treatment from psychologists and psychiatrists and is prescribed prescriptions to manage symptoms and anxiety arising from her childhood trauma and molestation. She is permanently injured.

### FACTUAL ALLEGATIONS AND BASIS WHY DEBTOR IS NOT ENTITLED TO RECEIVE A DISCHARGE OF ANY DEBTS

27. Debtor purchased the property for the sum of $313,500.00 known as and located at 80 Greenways Lane, Lakewood, New Jersey on January 3, 2019. Both title and the mortgage are listed in the names of the Debtor and his spouse Barbara A. Shafer.

28. According to the Bankruptcy Petition the Debtor states title is held only in Barbara A. Shafer's name.

29. A Deed search disclosed that the current Deed and mortgage are both in the Debtor's name and in his spouse's name.

30. The Debtor signed the Petition for Bankruptcy and stated "I acknowledge this information is true and correct, and if lying it is perjury." That statement is not true.

### FIRST CAUSE OF ACTION

### ROBERT SHAFER JR. CAUSED WILLFUL AND MALICIOUS INJURY TO JANE DOE IN VIOLATION OF THE NEW JERSEY SEXUAL ABUSE ACT 2A:61B-1 AND THEFORE DEFENDANT'S DEBT WITH REGARD TO PLAINTIFF SHOULD BE EXEMPTED FROM DISCHARGE UNDER 11 USC Sec 523(a)(6)

31. Plaintiff repeats and realleges the facts and allegations contained with paragraphs 1 to 30 of the complaint as if fully set forth herein.

32. Defendant Robert J. Shafer, Jr. caused a willful and malicious injury to the Plaintiff Jane Doe by sexually abusing her when she was a child and he was an adult in violation of the New Jersey Sexual Abuse Act and for this reason the debt to Jane Doe is exempt from discharge.

33. "Sexual abuse" within the New Jersey Sexual Abuse Act (the "Act") is defined as an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult.

34. "Sexual Contact" within the New Jersey Sexual Abuse Act is defined as "an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of sexually arousing or sexually gratifying the actor."

35. "Sexual penetration" means vaginal intercourse, cunnilingus, fellatio or anal intercourse between persons or insertion of the hand, finger or object into the anus or vagina either by the adult or upon the adult's instruction.

36. "Intimate Parts" as defined under the New Jersey Sexual Abuse Act includes the following body parts: sexual organs, genital area, anal area, inner thigh, groin, buttock or breast of a person.

37. ROBERT SHAFER JR. sexually abused Plaintiff by sexually penetrating the Plaintiff and by having sexual contact with the Plaintiff by intentionally touching the Plaintiff's intimate parts including sexual organs, genital area, anal area, inner thigh, groin, buttock or breast for the purpose of sexually arousing or sexually gratifying ROBERT when Plaintiff was a child of the age of ten and thereafter.

38. Sexual abuse by the Defendant of the Plaintiff by sexual penetration and sexual contact between the Plaintiff and Defendant caused the Plaintiff "Injury or illness" which is defined a psychological injury or illness, whether or not accompanied by physical injury or illness. Plaintiff's injuries include psychological injuries which are permanent in nature.

39. In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be brought within 37 years after reasonable discovery.

40. Pursuant to the New Jersey Sexual Abuse Act § 2A:14-2b. entitled Commencement of Actions Notwithstanding the Statute of Limitations, N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (C.2A:14-2a), section 1 of P.L.1964, c.214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date [Dec. 1, 2019] of P.L.2019, c.120 (C.2A:14-2a et

al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date.

41. Plaintiff commenced this action within 37 years of reasonable discovery and is properly filed in the Superior Court of New Jersey.

42. As a direct and proximate result of ROBERT'S wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff has suffered permanent, severe, and continuing injuries, including, but not limited to complex post-traumatic stress disorder, anxiety, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, self-medication with alcohol, emotional distress, inability to trust others, nightmares, debilitating terror, repression of memories and emotions, humiliation, anxiety, embarrassment, and psychological denial, repression, accommodation, and dissociation, lack of ability to work and earn income, and injury to Plaintiff's ability to be sexually intimate in her marriage, all to Plaintiff's damage in the sum to be determined.

43. As a further direct and proximate result of ROBERT'S wrongful actions and sexual assaults and battery and abuse as described above, Plaintiff has incurred, and will continue to incur, expenses for medical care and treatment, psychological therapy, psychiatric therapy, and medication, all to Plaintiff's further damage.

44. Plaintiff is therefore entitled to an award of compensatory damages.

45. The conduct of ROBERT as described above was intentional, reckless, grossly negligent, willful, wanton, oppressive, and done with actual malice and disregard for Plaintiff's rights and safety. As a result, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

DEBTOR ROBERT J. SHAFER, JR. IS NOT ENTITLED TO ANY DISCHARGE BECAUSE (A) WITH INTENT TO HINDER, DELAY OR DEFRAUD A CREDITOR HE TRANSFERRED OWNERSHIP IN THE MARITAL HOME TO HIS SPOUSE WITHIN ONE YEAR BEFORE THE DATE OF FILING OF THE PETITION OR HAS MADE A FALSE OATH OR ACCOUNT BY STATING THAT DEBTOR IS NOT LONGER IN TITLE AND (B) HAS MISLED THE COURT AS TO ITS VALUE

46. Plaintiff repeats and realleges the facts and allegations contained with paragraphs 1 to 45 of the complaint as if fully set forth herein.

47. A deed search disclosed that 80 Greenways Lane Lakewood, N.J. (the "Marital Home") is owned by Robert J. Shafer, Jr. with Barbara A. Shafer, his wife.

48. The Debtor fraudulently stated that it is "owned by non-debtor spouse" in Schedule "D" Part "1" Section 2.2 on his Petition.

49. A search of its value on several real estate websites discloses that its' value is approximately $443,000.00 not $225,000.00 as stated in the bankruptcy petition.

50. The Debtor is therefore not entitled to a discharge because he intended to hinder, delay or defraud Jane Doe either by transferring the marital home to his spouse either one year before the date of the filing of the petition or by planning to transfer the marital home after the filing of the petition.

51. In addition, Debtor has grossly understated the value of the marital home by over two hundred thousand dollars and thus has made a false oath or account in connection with the filing of his Petition for Bankruptcy.

52. A transfer of the property to the debtor's spouse would be fraudulent both as to the mortgage company and to Jane Doe as it was done in to avoid a possible judgment in favor of Jane Doe.

53. The misstatement of the value of the martial home is also a false oath or account and fraudulent.

PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgment against Defendant as follows:

1. That the Court determine that the Debt owed to Jane Doe be exempt from discharge pursuant to Sec. 523(a)(6) because Defendant is guilty of willful and malicious injury to Jane Doe and leave to proceed in New Jersey State Superior Court is granted;

2. That the Court find that Debtor is not entitled to a discharge of any debts under subdivisions of 11 USC Sec. 727(a)(2) through (7).

3. In the event this matter is not remanded to New Jersey Superior Court and the matter is tried in the Bankruptcy Court:

    a. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable.

    b. For Compensatory Damages of not less than Two Million Five Hundred Thousand Dollars ($2,500,000.00).

    c. For Punitive Damages in an amount to be determined.

    d. For cost of suit herein incurred.

    e. For such other further relief as the Court deems just and proper.

Dated June 3, 2022

LAW OFFICE OF DANIEL B. SHAPIRO

By:_____
Attorney for Jane Doe
101 Park Street
Montclair, New Jersey 07042
973-746-8662

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) FILED JEANNE A. NAUGHTON, CLERK JUN 06 2022 U.S. BANKRUPTCY COURT TRENTON, NJ BY _____ DEPUTY |
|---|---|
| **PLAINTIFFS** Jane Doe | **DEFENDANTS** Robert J. Shafer, Jr. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Daniel B. Shapiro, Esq., 101 Park St., Montclair, NJ 07042 973-746-8662 | **ATTORNEYS** (If Known) Timothy P. Neumann, Esq. Broege, Neumann, Fisher & Shaver  732-223-8484 25 Abe Voorhees Dr. Manasquan, NJ 08701 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff Jane Doe filed a sexual abuse action against Robert J. Shafer, Jr. and is seeking to have the unliquidated debt exempted from discharge under 11 USC 5239a)(6), as Defendant caused a willful and malicious injury to the Plaintiff.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference    **1**
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
**2** ☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,500,000.00 |
| **Other Relief Sought** | Relief from bankruptcy stay and and permission either to proceed in New Jersey State Superior Court, Ocean County where an action has already been filed or in New Jersey Bankruptcy Court |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Robert J. Shafer | | BANKRUPTCY CASE NO.<br>22-14353-KCF | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of New Jersey - Trenton Division | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE<br>Kathryn C. Ferguson |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

LAW OFFICE OF

# DANIEL B. SHAPIRO

101 PARK STREET
MONTCLAIR, NEW JERSEY 07042

Member of New Jersey and New York Bars

(973) 746-8662
Fax: (973) 860-4600
E Mail: dshapiro@danielshapirolaw.com

June 3, 2022

United States Bankruptcy Court Clerk
402 East State Street
Trenton, New Jersey 08608

Re:   Debtor Robert J. Shafer, Jr.
      Case Number 22-14353-KFS
      **Adversary Complaint: Jane Doe v. Robert J. Shafer, Jr.**

Dear Clerk of the Court,

Enclosed is an original and one copy of the following documents: Summons, Adversary Proceeding Cover Sheet and Adversary Complaint to be filed. Also enclosed is a check in the amount of $350.00 payable to the Clerk of the U.S. Bankruptcy Court in the amount of $350.00 for the filing fee.

Please assign and Adversary Proceeding Number and return a copy of the Complaint to me once filed. Upon receipt I will serve it and return an affidavit or certification of service for the Court's files.

If you have any further instructions or if I have left anything out, please let me know as bankruptcy is not my normal practice area.

Thank you for your help.

Very truly yours,

Daniel B. Shapiro, Esq.

Enc.

Print Shipment

TRACKING # 25493432
Label Date: 6/3/2022 12:03 PM

**NJLS**
We Deliver Confidence
908-888-7300   www.njls.com

<u>RECIPIENT</u>
U.S. Bankruptcy Court District of New Jersey
Clerk of the Court
402 EAST STATE ST
TRENTON, NJ 08608

T

AFFIX THIS PART TO YOUR SHIPMENT

6/3/22, 12:03 PM

Account No: 7909A-SD
SHAPIRO/DANIEL
Daniel Shapiro
101 PARK ST
MONTCLAIR, NJ 07041